U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

DEC 20 2006

ROBERT H. SHEMWELL, CLERK
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-60643-CIV-GOLD/TURNOFF

DORIS M. HUMBLE AND
MARGARET HUMBLE LANTZ,

    Plaintiff,

v.

B.M. OIL, INC.,

    Defendant.

_____/

Certified to be a true and correct copy of the document on file
Clarence Maddox, Clerk,
U.S. District Court
Southern District of Florida

_____ Deputy Clerk
Date 12/15/06

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS; TRANSFERRING CASE
TO THE WESTERN DISTRICT OF LOUISIANA; AND CLOSING CASE**

This cause comes before the Court on Defendants' Motion to Dismiss **[DE 20]**, filed August 10, 2006. The Plaintiff filed a Response [DE 23].[1] Having reviewed the Motion and the Response, as well as applicable case law, I deny Defendants' Motion to Dismiss, and transfer this case to the Western District of Louisiana.[2]

**I. Facts**

For purposes of a Motion to Dismiss, all allegations raised by the Plaintiffs shall be taken as true. The relevant facts, as alleged in the Amended Complaint, are as follow:

---

[1] Defendant did not file a Reply.

[2] In their Response, Plaintiffs requested that rather than dismissing the case, that I transfer the case to the Western District of Louisiana. For the reasons discussed below, I grant Plaintiffs' request, which I construe as a motion to transfer.

1

Plaintiff Doris M. Humble, is an individual who resides in the State of Florida, and Plaintiff Margaret Humble Lantz is an individual who resides in the State of Alabama. (Amend. Compl. ¶1). Defendant B.M. Oil Inc., is a Louisiana corporation whose principal office is located in Evangeline, Louisiana. Id. at ¶2. Plaintiffs own, reside, and/or use property located in Vermilion Parish, Louisiana in the Gueydan Oil Field. Id. at ¶1a.[3] In approximately 1988, B.M. Oil assumed an existing lease from Triumph Energy Inc., on real property belonging to Plaintiffs. Id. at ¶2a. That Lease was for the development of mineral interests in the County of Vermilion, State of Louisiana, on approximately two hundred thirty six (236) acres of real property. Id. at ¶2a. In approximately 1990, Defendant B.M. ceased to make royalty payments to Plaintiffs. Id. at ¶3a. Defendant B.M. continued to report oil production and file amended its production reports with the Louisiana Department of Natural Resources (the "DNR") until 2003. Id. at ¶4a. Defendant BM continued to use Humble Well Number 7, located on the subject real property, as a salt water disposal well and trucked in waste water from other properties for disposal in the Humble Well Number 7. Id. at ¶6. Defendant did not report certain oil wells as plugged and abandoned to the DNR until years 2002 and 2003, although oil production had long ceased. Id. at ¶7. Plaintiffs seek Injunctive Relief, Declaratory Relief, and General and Punitive Damages, and costs associated with cleaning up and restoring the land, subject to the lease with B.M. Oil. Id. at ¶9.

Defendant has moved to dismiss the Amended Complaint on the grounds that the state of Florida lacks personal jurisdiction over it. Plaintiffs have responded that

---

[3]Plaintiffs' Complaint has two sets of paragraphs numbered 1-5. Those paragraphs, when they appear the second time, will be referred to as 1a, 2a, etc.

while they do not concede a lack of personal jurisdiction, they request that this Court, in the interests of judicial and financial economy, transfer the case to the Western District of Louisiana, where jurisdiction exists over the Defendant.

## II. Standard of Review

A complaint cannot be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure, unless "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Marsh v. Butler County*, 268 F.3d 1014, 1022 (11th Cir. 2001); *Roe v. Aware Woman Center for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001), *cert. denied*, 124 S. Ct. 2875 (2004) (stating that complaint should not be dismissed unless it is "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations") (citations omitted). A complaint cannot be dismissed under rule 12(b)(6) even if "it may appear on the face of the pleadings that a recovery is very remote and unlikely." *Id.*

In determining whether to grant a motion to dismiss, the court must accept all the factual allegations in the complaint as true and evaluate all inferences derived from those facts in the light most favorable to the plaintiff. *See Hoffend v. Villa*, 261 F.3d 1148, 1150 (11th Cir. 2001). Although the plaintiff is not held to a very high standard on a Rule 12(b)(6) motion, the plaintiff is still required to "allege some specific factual bases for those conclusions or face dismissal" of the claim. *Jackson v. Bellsouth Telecomm.*, 372 F.3d 1250, 1263 (11th Cir. 2004).

Applying these well-established principles to the facts of this case, I grant the Defendants' Motions to Dismiss.

## III. Analysis

3

A federal district court sitting in diversity may exercise personal jurisdiction to the extent authorized by the law of the state in which it sits and to the extent allowed under the Constitution. *Meier v. Sun Int'l. Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002) (citations omitted); *Jet Charter Serv., Inc. v. Koeck*, 907 F.2d 1110, 1112 (11th Cir. 1990). The court must determine whether the defendant's activities satisfy the Florida long-arm statute and, if satisfied, whether the exercise of jurisdiction comports with the due process requirements of the Fourteenth Amendment. *Id*; *see also Sculptchair, Inc. v. Century Arts Ltd.*, 94 F.3d 623, 626 (11th Cir. 1996).

The court must engage in a two-part analysis to determine whether it has jurisdiction over a nonresident defendant and can exercise such jurisdiction only if both prongs are satisfied. *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990). The first prong of the analysis requires an examination of whether a basis in jurisdiction is provided under the forum state's long arm statute. *Id.* If that prong is met, the second prong requires consideration of whether there are sufficient minimum contacts to satisfy due process concerns, which requires that the defendant have minimum contacts with the forum state and that the exercise of jurisdiction over the defendant does not offend traditional notions of fair play and substantial justice. *Id.*; *Sculptchair*, 94 F.3d at 626 (quoting *Int'l. Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945)). In the present case, application of the two-prong jurisdictional analysis reveals that Defendant B.M. Oil has insufficient contacts with Florida to justify Florida's assertion of personal jurisdiction over it.

**A. Plaintiffs Cannot Establish that Defendant B.M. Oil is Subject to Personal Jurisdiction**

### 1. Florida's Long-Arm Statute

Plaintiffs do not specify which section of Florida's Long-arm Statute provides for personal jurisdiction over the Defendant. Fla. Stat. §48.193 provides that jurisdiction will attach under the following circumstances:

> (1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
>
> > (a) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
> >
> > (b) Committing a tortious act within this state.
> >
> > (c) Owning, using, possessing, or holding a mortgage or other lien on any real property within this state.
> >
> > (d) Contracting to insure any person, property, or risk located within this state at the time of contracting.
> >
> > (e) With respect to a proceeding for alimony, child support, or division of property in connection with an action to dissolve a marriage or with respect to an independent action for support of dependents, maintaining a matrimonial domicile in this state at the time of the commencement of this action or, if the defendant resided in this state preceding the commencement of the action, whether cohabiting during that time or not. This paragraph does not change the residency requirement for filing an action for dissolution of marriage.
> >
> > (f) Causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury, either:
> >
> > > 1. The defendant was engaged in solicitation or service activities within this state; or
> > >
> > > 2. Products, materials, or things processed,

serviced, or manufactured by the defendant
anywhere were used or consumed within this
state in the ordinary course of commerce,
trade, or use.

(g) Breaching a contract in this state by failing to perform
acts required by the contract to be performed in this state.

(h) With respect to a proceeding for paternity, engaging in
the act of sexual intercourse within this state with respect to
which a child may have been conceived.

(2) A defendant who is engaged in substantial and not isolated activity
within this state, whether such activity is wholly interstate, intrastate, or
otherwise, is subject to the jurisdiction of the courts of this state, whether
or not the claim arises from that activity.

A review of Plaintiffs' Amended Complaint reveals that the only possible act contained within Florida's long-arm statute that could establish specific personal jurisdiction over the Defendant would be subsection (1)(g).[4] Plaintiffs alleges that payments were to made to them in Florida, and that Defendant failed to make those payments. Under Florida law, such an action is sufficient to bring a Defendant within the purview of Florida's long-arm statute. *See Hartcourt Cos. v. Hogue*, 817 So. 2d 1067, 1070 (Fla. 5th DCA 2002). In *Hartcourt*, the court held that:

> Under section 48.193(1)(g), a person submits himself to the
> jurisdiction of this state by [b]reaching a contract in this state
> by failing to perform acts required by the contract to be
> performed in this state." Where a contract does not state the
> place where payment is due, the legal presumption is that a
> debt is to be paid at the creditor's place of business. The
> presumption that a debt is to be paid at the creditor's place
> of business, in the absence of an express designation of
> place of payment, is sufficient to satisfy the language of
> Florida's long arm provision that refers to contractual acts

---

[4] Plaintiff could, of course, be attempting to establish general personal jurisdiction over the Defendant. However, jurisdiction under Fla. Stat. §48.193(2) would fail under a minimum contacts analysis just as it does here, as discussed below.

6

"required" to be performed in Florida.

### 2. Minimum Contacts

Assuming *arguendo* jurisdiction under the first prong of the analysis—*i.e.*, via Florida's long-arm statute—the Plaintiff must still establish the second prong: minimum contacts. "[T]he constitutional touchstone" of the determination whether an exercise of personal jurisdiction comports with due process "remains whether the defendant purposefully established 'minimum contacts' in the forum State." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985), quoting *International Shoe Co. v. Washington*, 326 U.S. [310], at 316, 66 S.Ct. [154], at 158 [90 L.Ed. 95 (1945)]. Florida courts have reaffirmed the oft-quoted reasoning of *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958) that minimum contacts must have a basis in "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *See Burger King*, 471 U.S., at 475, 105 S.Ct., at 2183. "Jurisdiction is proper ... where the contacts proximately result from actions by the defendant himself that create a 'substantial connection' with the forum State." *See Christus St. Joseph's Health Sys. v. Witt Biomedical Corp.*, 805 So. 2d 1050, 1053 (Fla. 5th DCA 2002); *Hartcourt*, 817 So. 2d at 1071.

In *Hartcourt*, the court specifically found that "[t]he minimum contacts required by the due process clause is not satisfied by a mere showing that a Florida party entered a contract with an out-of-state party. Nor is it satisfied merely because payment must be made in Florida." 817 So. 2d at 1071. In this case, Plaintiffs have not even alleged that they ever entered into any negotiations with the Defendant. Rather, they allege that the

7

Defendant assumed an existing lease which required that royalty payments be made to Plaintiffs, who reside in Florida. Moreover, Defendant has provided, by way of affidavit, evidence that it has little or no contact with the state of Florida. Because Plaintiff has not refuted any of the statements in Defendant's affidavit, those statements will be taken as true. Defendant describes its connection—or lack thereof—with Florida as follows:

> Defendant B .M. Oil has not conducted business in Florida and specifically not as to the subject mineral lease/servitude. Defendant B .M . Oil, Inc . is a closely held, family owned corporation incorporated under the laws of the State of Louisiana in 1967 with a domicile address of 150 B .M. Oil Drive, Evangeline, Louisiana 70537 . See Affidavit of Clu-is Bertrand, at ¶3 . The registered agent of Defendant B .M. Oil, Inc. is domiciled in Louisiana, and maintains no residence other than one located at 610 LeDoux Street, Jennings, Louisiana 70546. Id. at ¶4. In addition, Defendant B.M. Oil has not in the past and does not presently maintain an office in the State of Florida. Id. at ¶5. At no time has Defendant B .M. Oil operated, conducted, engaged or carried on any business or business venture in the State of Florida. Id. Further, at no time has Defendant B.M. Oil had any agent or agency in the State of Florida or had any agent or representative enter the State of Florida for the purpose of conducting any business of the corporation or attempting to do so . Id. Defendant B .M. Oil has not solicited business with any residents of the State of Florida or contracted to insure any person, property or risk located within the State of Florida. Id. Defendant does not own, use, possess or hold a mortgage or lien on any real property within the State of Florida. Id. Defendant B.M. Oil has not entered into any contract in the State of Florida nor

committed a tortious act within the State of Florida. *Id.*

Under the minimum contacts analysis, B.M. Oil's failure to make payments to Plaintiffs in Florida does not constitute a purposeful availment of the privilege of conducting activity within the forum state. B.M. Oil has not had enough contact with Florida to satisfy constitutional notions of fair play, and was not sufficiently connected to the state to expect to haled into court here. Accordingly, this Court lacks personal jurisdiction over B.M. Oil.

### B. This Case is Appropriately Transferred Under 28 U.S.C. §1406

The Eleventh Circuit has held that where a suit is filed in federal court in a district in which venue or personal jurisdiction is improper, there is a federal statute of general application under which a change of venue ordinarily may be made. *Manley v. Engram*, 755 F.2d 1463, 1467 (11th Cir. 1985). That statute provides as follows:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. § 1406(a). The Eleventh Circuit further noted that

> Although the statute speaks only of cases where "venue" in the original forum is wrong, it has been held to operate when there exists in the original forum an obstacle -- whether incorrect venue, absence of personal jurisdiction, or both -- to a prompt adjudication on the merits. Dubin v. United States, 380 F.2d 813 (5th Cir. 1967).[5]

In this case, Plaintiffs request that this Court transfer the case to the Western District of Louisiana, where the case could have been brought, and where personal

---

[5] The *Dubin* decision is binding precedent in the Eleventh Circuit. *See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981).

9

jurisdiction exists over the Defendant. I believe that justice will best be served by such a transfer. In this case, the land at issue is located in Louisiana, the Defendant resides in Louisiana, and the actions surrounding the royalty payments occurred in Louisiana.[6] Transferring this case to the Western District of Louisiana will eliminate the obstacle—the battle over personal jurisdiction—to a prompt adjudication on the merits of this case. In accordance with Eleventh Circuit standards, therefore, I will transfer this case to the Western District of Louisiana.

### IV. Conclusion

In light of the foregoing, it is hereby **ORDERED and ADJUDGED**:

1. Defendants' Motion to Dismiss **[DE 20] is DENIED.**

2. This case is transferred to the Western District of Louisiana.

3. This case is CLOSED.

4. All pending motions are DENIED as MOOT.

**DONE and ORDERED** in chambers this 14 day of December, 2006.

_____
UNITED STATES DISTRICT COURT
HON. ALAN S. GOLD

Copies to:
Magistrate Judge William Turnoff
All counsel of record

---

[6]Moreover, the Defendant did not file a Reply, and therefore did not object to the transfer of the case.

# IMPORTANT NOTICES

## CM/ECF PROCEDURES

**COURTESY COPIES: Notwithstanding the implementation of CM/ECF, all parties shall deliver a courtesy copy to the Intake Section of the Clerk's Office of all dispositive motions and/or motions EXCEEDING TWENTY-FIVE PAGES. This copy shall be bound and any Attachments and/or Appendices must be indexed with tabs.**

**PROPOSED ORDERS: Counsel shall send a proposed order for all non-dispositive motions in WORDPERFECT FORMAT directly to gold@flsd.uscourts.gov. Please refer to the docket entry number on the proposed order. The Complete CM/ECF Administrative Procedures are available on the Court's Website at www.flsd.uscourts.gov**

## ATTENTION: AMENDED SECURITY POLICY

Pursuant to Administrative Order 2006-16, issued by the Chief Judge July 31, 2006: NO ONE SHALL BRING CELLULAR TELEPHONES INTO THE FEDERAL COURTHOUSE **EXCEPT** attorneys permitted to practice law within the Southern District of Florida with a valid Florida Bar Association Bar Card Identification having business within the facility. Additionally, attorneys admitted pro hac vice shall be permitted to bring their cellular phones into the courthouse also. (This applies to attorneys only and precludes staff, investigators, etc.) **Cellular telephones with integrated cameras are now permitted into the Courthouse pursuant to the other provisions herein.** Other exceptions to this policy exist, please contact the United States Marshal's office for further information.